## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**BENJAMIN KOOI,**

      **Plaintiffs,**                    **Civil Action No.: 12-CV-10249**

      **vs.**                        **District Judge George Caram Steeh**

                                        **Magistrate Judge Mona K. Majzoub**

**KEY LAKES, INC.**

      **Defendants.**

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL [11]

This matter comes before the Court on Plaintiff Benjamin Kooi's Motion to Compel Discovery Pursuant to FRCP 30 and 37.  (Docket no. 11.)  Defendant filed a Response.  (Docket no. 14.)  The motions were referred to the undersigned for decision.  (Docket no. 12.)  The parties have fully briefed the motion; the Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).  The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

Plaintiff filed this action resulting from an injury sustained while working as the Chief Cook aboard the steamer JOHN G. MUNSON.  (*See* docket no. 11 at 2.)  Following the incident, the vessel's Captain, Charles Edwards, conducted an investigation and authored an accident report. (*Id.*) Since at least September 27, 2012, Plaintiff has been attempting to take Captain Edwards's deposition and has been unable to do so.  (*Id.* at 2-3.)  Discovery closed on October 31, 2012.

Plaintiff asks the Court to Order Captain Edwards's appearance. (Docket no. 11 at 3.)[1]

In Defendant's Response to Plaintiff's Motion, Defendant indicated that Captain Edwards was serving aboard the Munson somewhere in the Great Lakes and that he would be made available for deposition after the vessel returned on January 14, 2013. (Docket no. 14 at 3-4.) As of the date of this Opinion and Order, the Parties have been unable to set a date for Captain Edwards's deposition. Captain Edwards's deposition was noticed before the close of discovery, and Defendant does not object to producing him. Therefore, the Court will grant Plaintiff's Motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel the deposition of Captain Charles Edwards (docket no. 11) is **GRANTED**. Plaintiff should re-notice Captain Edwards's deposition, which must be conducted on or before March 12, 2013. Defendant is ordered to produce Captain Edwards for his deposition.

## <u>NOTICE TO THE PARTIES</u>

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

---

[1]In a single line as part of his request for relief, Plaintiff also asks the Court to order Defendant to "fully and completely respond to Plaintiff's Interrogatories and Request for Production of Documents." (Docket no. 11 at 3.) It appears that Plaintiff is asking the Court to Order the Production of Responses to "Request No. 6." (*See* docket no. 1-1, December 6, 2012 letter from Plaintiff's counsel to Defendant's counsel.) Nevertheless, Plaintiff did not attach a copy of the germane portion of the discovery material to his motion as required by Eastern District of Michigan Local Rule 26.2(a)(1). Moreover, while Plaintiff touched on this request in his brief as noted above, Plaintiff did not request this relief as part of his Motion. (Docket no. 11 at 1.) Therefore, to the extent that Plaintiff asks the court to compel a response to interrogatories or request for production of documents, the Court will deny such relief.

Dated:  March 4, 2013          s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated:  March 4, 2013          s/ Lisa C. Bartlett
                               Case Manager